IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRYAN KNIGHT                                                    PLAINTIFF

V.                          CASE NO.  3:15-CV-03071

JASON DAY, Jail Administrator;
SHERIFF MIKE MOORE; and
NURSE JODI WOODS                                            DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff

proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC),

Grimes Unit.  At all times relevant to this lawsuit, Plaintiff was incarcerated in the Boone

County Detention Center (BCDC).  During his incarceration in the BCDC, he maintains he

was denied post-surgery radiation treatment for testicular cancer.  The case is before the

Court on a motion to dismiss (Doc. 37) the official capacity claims filed by Separate

Defendant, Nurse Jodi Woods.  Plaintiff has responded (Doc. 44) to the motion to dismiss.

### I. BACKGROUND

While in the custody of the ADC in 2014, Plaintiff alleges he was diagnosed with

testicular cancer and underwent a "radical form of surgery."  Once he had healed up from

the surgery, he was to undergo radiation therapy.  Before he underwent the radiation

therapy, Plaintiff was released on parole.

-1-

Shortly after he got out, Plaintiff was re-arrested on a parole revocation charge and detained at the BCDC. He states he advised detention center personnel that he had cancer and still needed the radiation treatments.

With respect to Nurse Woods, Plaintiff alleges he told her several times that he had scrotal pain and abdominal pain and needed radiation treatment. Plaintiff states that he even showed her the surgical scar. Plaintiff alleges she ignored his pleas for help, but she did finally have him sign a medical release form so that she could obtain his medical records.

Plaintiff alleges he filed grievance after grievance trying to get medical help. He states Defendants refused to do blood tests, an MRI, x-rays, and he was given nothing for pain management. He maintains the Defendants knowingly interfered with his medical treatment.

According to the Plaintiff, the Sheriff suggested he file a writ of habeas corpus asking the state court to release him so that he could obtain medical care. Plaintiff indicates his wife talked with Nurse Woods and Sheriff Moore about Plaintiff's need for medical care.

Plaintiff alleges that Jason Day called the Plaintiff into his office and said he was a "liability" because of his medical condition. Day stated if it were up to him, he would let the Plaintiff go. Plaintiff alleges Day made many calls for Plaintiff trying to get him in front of Judge Webb to be heard.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

-2-

R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting, Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (while pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

### III. DISCUSSION

Nurse Woods maintains that the Plaintiff has failed to allege any facts that show an official institutional policy or custom reflecting deliberate indifference to his serious medical needs. Nurse Woods, therefore, moves for dismissal of all official capacity claims.

As noted above, Plaintiff responded to the motion to dismiss. With his response (Doc. 44), Plaintiff submitted twenty-six pages of grievances which he maintains supports an official capacity claim. The Court cannot, on a Rule 12(b)(6) motion, consider facts outside the pleadings. *Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 n. 3 (8th Cir. 1996) (Court may not consider matters outside the pleadings on a Rule 12(b)(6) motion and must either exclude the materials or convert the motion to a summary judgment motion). The Court will not consider the grievances submitted by the Plaintiff.

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Vetch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Nurse Woods was employed by Southern Health Partners, (SHP) Inc., a contract medical care provider. SHP was initially named as a Defendant, but it was dismissed when Plaintiff filed his amended complaint (Doc. 35).

The official capacity claims are treated as claims against SHP. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010). A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a denial of adequate medical treatment is insufficient. Plaintiff has not pointed to any SHP principle or procedure made by the "institution's official who has final authority in such matters." *Id*.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and

-4-

citation omitted).  Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.  The official capacity claims should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the partial motion to dismiss (Doc. 37) filed by Separate Defendant Nurse Woods be **GRANTED.**  The official capacity claims against Nurse Woods are dismissed.  The individual capacity claims remain for later consideration.

**IT IS SO ORDERED** this 28 day of February, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE